UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR BURTON,

       Plaintiff,                                  Hon. Gordon J. Quist

v.                                                  Case No. 1:14 CV 972

DANIEL HEYNS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Defendant's Motion to Dismiss. (Dkt. #11). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

## BACKGROUND

       Plaintiff initiated the present action on September 16, 2014, alleging various causes of action against numerous defendants. The only claim remaining in this matter is Plaintiff's excessive force claim against Defendant Gust. With respect to this particular claim, Plaintiff alleges the following. On July 31, 2012, Plaintiff approached "the Officer's desk" where the "hand soap" was located. As Plaintiff approached the Officer's desk, he "got [the] Officers attention, specifically, the Officer (Gust) standing close to the soap box." When Plaintiff arrived at the Officer's station, he stated, "excuse me, may I get some soap, as he beg[a]n to reach into the soap box." Defendant Gust responded by striking Plaintiff's arm with a "karate chop." Plaintiff alleges that Defendant Gust violated his Eighth

Amendment right to be free from cruel and unusual punishment.  Defendant Gust now moves to dismiss Plaintiff's claim on qualified immunity grounds.

## ANALYSIS

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of harassing litigation.  *See Davis v. Scherer*, 468 U.S. 183, 195 (1984).  As is well recognized, they can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages, and if unjustified lawsuits are quickly terminated.  *Id.*  Generally, when government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996).  The question whether a defendant enjoys qualified immunity is a question of law for the Court to resolve.  *See Virgili v. Gilbert*, 272 F.3d 391, 392 (6th Cir. 2001).

When evaluating claims of qualified immunity, the Court employs a two-step analysis. The Court first determines "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right."  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  If such fail to establish a violation of the plaintiff's constitutional rights, the defendant is entitled to immunity.  *See Callahan*, 555 U.S. at 232.  On the other hand, if the facts establish a violation of the plaintiff's constitutional rights, the Court must then determine whether the right in question was "clearly established" at the time the defendant acted.  The defendant is entitled to qualified immunity unless his "conduct violated a clearly established constitutional right."  *Id.*  The

inquiry whether a particular right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Moldowan v. City of Warren*, 578 F.3d 351, 375 (6th Cir. 2009) (citing *Saucier*, 533 U.S. at 201). The contours of the right in question "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Fisher v. Harden*, 398 F.3d 837, 845 (6th Cir. 2005) (quoting *Saucier*, 533 U.S. at 202). The focus of this inquiry is "on whether the officer had fair notice that her conduct was unlawful." *Lyons v. City of Xenia*, 417 F.3d 565, 579 (6th Cir. 2005). Plaintiff's allegations fail to demonstrate that he suffered a violation of a constitutional right.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. Const. amend. VIII. The excessive use of force which results in the unnecessary and wanton infliction of pain violates this provision. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Claims alleging the excessive use of force have both a subjective and an objective component. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment. *Id.* To be "sufficiently serious," the prison official's act or omission must deny the prisoner "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). Such standards "always are violated" when "prison officials maliciously and sadistically use force to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). However, "*de minimis* uses of physical force" do not violate the Eighth Amendment "provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10.

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Id.*

As previously noted, Plaintiff alleges that when he arrived at the Officer's station, he stated, "excuse me, may I get some soap, *as he beg[a]n to reach into the soap box*." Thus, Plaintiff concedes that he attempted to reach into an area controlled by prison officials without first obtaining authorization to do so. In response, Defendant Gust struck Plaintiff's arm. Defendant's actions constituted nothing more than a de minimis application of force from which Plaintiff suffered a mere bruise. It is not unlawful for a prison guard to respond with de minimis force when a prisoner attempts to enter into an unauthorized area without first obtaining permission. *See, e.g., Richmond v. Settles*, 450 Fed. Appx. 448, 454 (6th Cir., Dec. 2, 2011) (plaintiff's action was properly dismissed because he "has not demonstrated he sustained more than de minimis injury"); *Evans v. Vinson*, 427 Fed. Appx. 437, 443 (6th Cir., June 29, 2011) ("the Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind'"). To recognize otherwise

would constitute a de facto elimination of the distinction between inmates and corrections staff. Accordingly, the undersigned recommends that Defendant's motion for relief be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (dkt. #11), be **granted** and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                Respectfully submitted,

Date: August 6, 2015          /s/ Ellen S. Carmody
                ELLEN S. CARMODY
                United States Magistrate Judge