UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LAMAR BURTON,

    Plaintiff,

v.                                                           Case No. 1:14-CV-972

DANIEL HEYNS, et al.,                          HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 6, 2015, Magistrate Judge Ellen Carmody issued a Report and Recommendation (R & R) recommending that the Court grant Defendant Gust's motion to dismiss on the basis of qualified immunity. Because Defendant Gust is the only remaining Defendant, the magistrate judge recommended that the matter be terminated.

In her R & R, the magistrate judge concluded that Defendant Gust is entitled to qualified immunity because the so-called "karate chop" that Defendant Gust administered to Plaintiff's arm as Plaintiff reached into an unauthorized area without first obtaining permission amounted only to a *de minimis* application of force, which cannot establish a violation of Plaintiff's Eighth Amendment rights. The magistrate judge noted that Plaintiff only suffered a bruise from Defendant Gust's use of force. (R & R at 4.)

Plaintiff has filed an Objection to the R & R, in which he asserts that Defendant Gust used more than a *de minimis* application of force because Plaintiff suffered physical and emotional injury. (Dkt. # 18 at Page ID #165.) Plaintiff asserts that Defendant Gust's use of force aggravated a prior injury that Plaintiff suffered when he was shot in the forearm, causing him to experience nerve pain. (*Id.* at Page ID # 162.)

After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

In his Objection, Plaintiff does not argue that the magistrate judge erred in describing Gust's use of force—a chop to Plaintiff's arm in response to Plaintiff reaching into an authorized area. Plaintiff essentially contends that the force used was more painful due to a preexisting injury. Even so, Plaintiff's argument does not change the *de minimis* nature of the force that Defendant Gust applied. In other words, the fact that Plaintiff's prior injury exacerbated the pain he felt from the force does not render the force applied by Defendant Gust more than *de minimis*.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 6, 2015 (dkt. # 17 ) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Gust's Motion to Dismiss (dkt. # 11) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**

This case is **concluded**.

A separate judgment will enter.


Dated:  September 11, 2015                   /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE